UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HAZVINEYI GRACE MUTSEYEKWA,
Plaintiff,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-08468-JD

**ORDER RE TEMPORARY RESTRAINING ORDER**

Petitioner Hazvineyi Grace Mutseyekwa, a citizen of Zimbabwe, is in civil immigration detention in San Francisco, California. She filed a petition for a writ of habeas corpus and an application for a temporary restraining order for release from detention pending a hearing on whether her detention is necessary and warranted, and to express her fear of being sent to a third country, specifically Cameroon. *See* Dkt. No. 2 (TRO) at 4-5. Respondents are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, U.S. Attorney General, all named in their official capacities. *Id.* at 1.

Mutseyekwa alleges that she is an asylum seeker who was ordered removed in 2005 but received a withholding of removal because it an Immigration Judge found that she was likely to suffer persecution if returned to Zimbabwe. Dkt. No. 1 at ¶ 1-2. ICE ordered Mutseyekwa to an appointment in San Francisco on August 14, 2026, where she was arrested without a warrant. *Id.* at ¶ 4; Dkt. No. 2 at 4. ICE said she would be removed to Cameroon. Dkt. No. 2 at 4. Mutseyekwa requests a temporary restraining order for a hearing on whether her detention is necessary, and to object to being sent to Cameroon. *Id.* at 4-5.

The TRO application was styled as an ex parte request, but respondents were given notice by Mutseyekwa counsel, Dkt. No. 2, and have filed an appearance. Dkt. No. 3. Consequently,

United States District Court
Northern District of California

"the same legal standard as a motion for a preliminary injunction applies." *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-CV-06071-JD, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017). Under these familiar standards, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The irreparable harm must be "likely in the absence of an injunction" and not merely possible, no matter how strong the likelihood that plaintiffs will prevail on the merits. *Id.* at 21-22 (emphasis in original).

In our circuit, it is well established that a preliminary injunction may also be issued where "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted). Our circuit held after careful consideration that "the 'serious questions' approach survives *Winter* when applied as part of the four-element Winter test." *Id.* at 1131-32; *see also id.* at 1134 (affirming "the longstanding discretion of a district judge to preserve the status quo with provisional relief until the merits could be sorted out in cases where clear irreparable injury would otherwise result and at least 'serious questions' going to the merits are raised") (quoting *Save Strawberry Canyon v. Dep't of Energy*, No. C 08-03494 WHA, 2009 WL 1098888, at *1-3 (N.D. Cal. Apr. 22, 2009)). Our circuit has continued to apply this test. *See, e.g.*, *hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1191 (9th Cir.) (2022) (finding that "hiQ has raised 'serious questions going to the merits'" and affirming the district court's grant of a preliminary injunction) (citation omitted); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177 (9th Cir. 2021) ("[T]he sliding scale test 'remains viable after the Supreme Court's decision in *Winter*.'") (citation omitted).

The Due Process Clause of the Fifth Amendment guarantees that the government may not deprive any person of liberty without due process of law. *See* U.S. Const. amend. V. "Freedom from imprisonment -- from government custody, detention, or other forms of physical constraint --

United States District Court
Northern District of California

lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). The guarantee applies in full force to "all 'persons' in the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and to "an alien subject to a final deportation order." *Id*. at 693 (citation omitted). The due process required by the Fifth Amendment typically entails a pre-deprivation hearing. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property" (emphasis in original)).

The Court has granted temporary injunctive relief on these grounds in other cases like this one. *See Caicedo Hinestroza et al. v. Kaiser et al.*, 25-cv-07559-JD, Dkt. No. 8 (N.D. Cal. Sept. 9, 2025). There is no good reason to reach a different conclusion here. The allegations in the petition raise a serious question with respect to whether the detention and proposed deportation of Mutseyekwa complies with the Due Process Clause and traditional notions of procedural fairness. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). She plausibly alleges that she has been detained and will be removed to a third country without a chance for a hearing to contest that detention and removal. This complete lack of process raises serious questions when such a strong liberty interest is at stake and when "the risk of an erroneous deprivation of such interest" is so large given the complete absence of procedures. *See Matthews*, 424 U.S. at 335.

For the other factors of injunctive relief, there is no question that Mutseyekwa is experiencing immediate and irreparable harm from detention. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (noting "the irreparable harms imposed on anyone subject to immigration detention"). She alleges that suffers from diabetes, hypertension, high cholesterol, and schizophrenia, all of which requires consistent daily medication that she may not have access to in detention. In addition, the public interest in due process weighs in her favor. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

Consequently, a TRO is granted on the ensuing terms:

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to immediately release from custody petitioner Hazvineyi Grace Mutseyekwa.

United States District Court
Northern District of California

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining or removing petitioner Hazvineyi Grace Mutseyekwa without a pre-detention hearing before a neutral decisionmaker.

(3) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Hazvineyi Grace Mutseyekwa out of the District without the Court's prior approval.

(4) Respondents will show cause in writing by August 21, 2026, why a preliminary injunction should not be entered. Petitioners may file a response by August 25, 2026. A hearing on the order to show cause is set for September 10, 2026, at 11:00 a.m. in Courtroom 11.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Mutseyekwa need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

**IT IS SO ORDERED.**

Dated: August 15, 2026

JAMES DONATO
United States District Judge